IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RAZZAAQ MILLER          :               CIVIL ACTION
                                 :
      v.                      :
                                 :
MICHAEL ALICE, et al.       :               NO.  16-6483

<u>MEMORANDUM</u>

DAVIS, J.                                            JANUARY  4  , 2017

       Plaintiff Razzaaq Miller brings this action pursuant to 42 U.S.C. § 1983, based on his arrest and related prosecution on firearms offenses and other charges.  He seeks to proceed *in forma pauperis*.  For the following reasons, the Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I.      FACTS[1]**

    Plaintiff alleges that he was arrested on January 13, 2012, and charged with firearms offenses, among other things.  In the course of the arrest, plaintiff claims he was assaulted by officers of the Highway Patrol Unit of the Philadelphia Police Department.  Specifically, he contends that he was "beat upon [his] groin area [and] also kicked and punched in the ribs and choked upon the neck by several officers."  (Compl. ¶ IV.)

    According to the public docket from plaintiff's underlying criminal case, plaintiff was arraigned in Philadelphia Municipal Court on January 14, 2012, the day after he was arrested.  *Commonwealth v. Miller*, Docket No. MC-51-CR-0001973-2012 (Phila. Municipal Ct.).  After a preliminary hearing in March of 2012, four of the six offenses with which plaintiff was charged

---

[1] The following facts are taken from the complaint and public records of court proceedings related to this case.

were held for court.  The charges of possession of an instrument of crime and resisting arrest were dismissed for lack of evidence.  Plaintiff alleges that the arresting officers "fabricated statements, testimony, and evidence in order to obtain [his] conviction."  (Compl. ¶ III. C.)

The case proceeded in the Philadelphia Court of Common Pleas.  *See Commonwealth v. Miller*, Docket No. CP-51-CR-0003856-2012 (Phila. Ct. Common Pleas).  Plaintiff claims that he informed the judge presiding over his case, the Honorable Robert P. Coleman, and the Assistant District Attorney, Kendra McCrae, that he was being prosecuted with false evidence, but that they failed to investigate or take other action.[2]  In January of 2016, the case proceeded to trial with a different Assistant District Attorney, Jessica Chung, and a different judge.  Plaintiff alleges that Ms. Chung entered fabricated documents into evidence against him.  Plaintiff was acquitted of prohibited possession of a firearm, and the remaining charges were *nolle prossed*. *Id.*

On December 31, 2013, plaintiff filed a lawsuit against Michael Alice and Edgar Ruth—two of the officers who allegedly assaulted him—and other unidentified officers, claiming that those defendants violated his constitutional rights when they kicked and punched him in the groin, rib and neck in the course of arresting him.[3]  *See Miller v. Alice*, E.D. Pa. Civ. A. No. 14-68 (ECF No. 5).  The complaint in Civil Action Number 14-68 also alleged that there was insufficient evidence to charge plaintiff with resisting arrest.   (*Id.* at ECF No. 5, p.5 ¶ V.)  The case was held

---

[2] It appears that ADA McCrae served as the prosecutor on the case from approximately July of 2012 though mid-to-late 2014.  *See Commonwealth v. Miller*, Docket No. CP-51-CR-0003856-2012 (Phila. Ct. Common Pleas).  Judge Coleman presided over the case during that time period.

[3] Pursuant to the prison mailbox rule, a prisoner's complaint is considered filed at the time he hands it over to prison authorities for forwarding to the Court.  *See Houston v. Lack*, 487 U.S. 266, 276 (1988).  The complaint indicated that plaintiff delivered it to prison authorities for mailing on December 31, 2013.

in suspense for a period of time pending Officer Alice's return to duty and the resolution of

plaintiff's criminal matters in state court.  (*Id.* at ECF No. 24.)  The Court recently scheduled a

final pretrial conference on January 18, 2017, after removing the case from suspense.  (*Id.* at

ECF Nos. 30 & 31.)

On December 24, 2016, plaintiff filed the instant case against Officer Michael Alice, Officer

Edgar Ruth (identified in the caption as Edgar Roth), Judge Coleman, ADA Chung, the City of

Philadelphia, the "District Attorney's Office," and ADA McCrae.  He raises constitutional

claims, pursuant to 42 U.S.C. § 1983, based on the circumstances surrounding his arrest and his

prosecution.  He seeks damages for injuries he sustained during the course of his arrest as well as

for time he spent incarcerated in connection with the criminal charges.

## II.      STANDARD OF REVIEW

The Court grants plaintiff leave to proceed *in forma pauperis* because it appears that he is

incapable of paying the fees to commence this civil action.  Accordingly, 28 U.S.C. §

1915(e)(2)(B) applies, which requires the Court to dismiss the complaint if it is frivolous,

malicious, fails to state a claim, or seeks monetary relief from an immune defendant.  "[A]

district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process

or merely repeats pending or previously litigated claims."  *Brodzki v. CBS Sports*, Civ. A. No.

11-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same

standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see*

*Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to

determine whether the complaint contains "sufficient factual matter, accepted as true, to state a

claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quotations omitted).  "[M]ere conclusory statements[] do not suffice."  *Id.*  The Court may also

consider matters of public record.  *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir.

2006).  Additionally, the Court may dismiss claims based on an affirmative defense if the

affirmative defense is obvious from the face of the complaint.  *See Fogle v. Pierson*, 435 F.3d

1252, 1258 (10th Cir. 2006); *cf. Ball v. Famiglio*, 726 F.3d 448, 459 (3d Cir. 2013), *abrogated

on other grounds by*, *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015).  As plaintiff is

proceeding *pro se*, the Court construes his allegations liberally.  *Higgs v. Att'y Gen.*, 655 F.3d

333, 339 (3d Cir. 2011).

## III.   DISCUSSION

### A.  Claims Against ADA McCrae and ADA Chung

Prosecutors are entitled to absolute immunity from liability under § 1983 for acts that are

"intimately associated with the judicial phase of the criminal process" such as "initiating a

prosecution and . . . presenting the State's case."  *Imbler v. Pachtman*, 424 U.S. 409, 430-31

(1976).  Plaintiff's claims against ADA Chung are based on her presentation of allegedly false

evidence on behalf of the Commonwealth at trial.  As the presentation of evidence at trial is an

act clearly covered by prosecutorial immunity, the Court will dismiss plaintiff's claims against

ADA Chung.  *See id.* at 415-16 & 430 (claims that prosecutor allowed witness to give false

testimony and prosecuted plaintiff despite knowledge of exculpatory information were barred by

prosecutorial immunity).  Plaintiff's claims against ADA McCrae appear to be based on the fact

that she continued to prosecute the charges against him despite having been informed that those

charges rested on fabricated evidence and/or without properly investigating the basis for those

charges.  As ADA McCrae's prosecution of criminal charges against plaintiff is covered by

prosecutorial immunity—even if she failed to adequately investigate the basis for those charges

after having been informed of the problems with the Commonwealth's evidence—the Court will dismiss plaintiff's claims against her. *See Rehberg v. Paulk*, 132 S. Ct. 1497, 1504 (2012) (prosecutorial immunity shields prosecutors from liability for malicious prosecution claims); *Washington v. City of Philadelphia*, No. CIV.A. 10-176, 2010 WL 2736936, at *2 (E.D. Pa. July 8, 2010) (prosecutorial immunity applied where "the plaintiff's allegations of a failure to investigate [were] directly connected to the conduct of judicial proceedings").

### B.  Claims Against Judge Coleman

Judges are absolutely immune from liability for damages under § 1983 for acts or omissions within their judicial capacity unless they acted in the clear absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). All of plaintiff's claims against Judge Coleman appear to relate to how he handled plaintiff's criminal case as the presiding judge after having been informed of the allegedly fabricated evidence. As Judge Coleman is entitled to absolute immunity from claims based on how he handled plaintiff's case in his judicial capacity, the Court will dismiss plaintiff's claims against him.

### C.  Claims Against the District Attorney's Office and the City of Philadelphia

The Philadelphia District Attorney's Office is not an appropriate defendant in this case because it is not a legal entity separate from the City and, accordingly, may not be sued under § 1983. *See Reitz v. Cnty. of Bucks*, 125 F.3d 139, 148 (3d Cir. 1997); *see also* 53 Pa. Cons. Stat. Ann. § 16257. The Court will therefore dismiss plaintiff's claims against the Philadelphia District Attorney's Office.

A municipality such as the City of Philadelphia may not be held liable under § 1983 based solely on the conduct of its employees. *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 691 (1978). Rather, "when a suit against a municipality is based on § 1983, the

municipality can only be liable when the alleged constitutional transgression implements or executes a policy, regulation, or decision officially adopted by the governing body or informally adopted by custom." *See McTernan v. City of York,* 564 F.3d 636, 657 (3d Cir. 2009) (quotations and alteration omitted). "To satisfy the pleading standard, [a plaintiff] must identify a custom or policy, and specify what exactly that custom or policy was." *Id.* at 658. As the complaint does not allege that a municipal policy or custom caused the violation of plaintiff's rights, he has not stated a claim against the City of Philadelphia.

### D.  Claims Against Officers Alice and Ruth

Plaintiff's excessive force claims, which are based on his allegation that Officers Alice and Ruth assaulted him in the course of arresting him, duplicate the claims raised in his previously-filed civil action against those defendants. *See Miller v. Alice*, E.D. Pa. Civ. A. No. 14-68. Accordingly, the Court will dismiss those claims—and any other claims that plaintiff has already asserted against Officers Alice and Ruth in the pending litigation—without prejudice to plaintiff proceeding with them in the previously-filed case. *See Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977) (en banc) (observing that a plaintiff has "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.").

To the extent plaintiff is raising false arrest or related false imprisonment claims that may not have been raised in his previously-filed case, those claims are time-barred. Pennsylvania's two-year limitations period applies to plaintiff's § 1983 claims. *See* 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007). "[T]he statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is

followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace*, 549 U.S. at 397.

Plaintiff was arrested and beaten by the officers on January 13, 2012, and was arraigned the next day according to the public docket. Accordingly, any false arrest claims or false imprisonment claims related to his detention before legal proceedings commenced against him, accrued in January of 2012. As plaintiff did not file this action until December of 2016, those claims are clearly time-barred.[4]

The Court also understands plaintiff to be raising malicious prosecution claims and/or due process claims based on Officer Alice and Officer Ruth's fabrication of evidence against him. *See Halsey v. Pfeiffer*, 750 F.3d 273 (3d Cir. 2014); *Kossler v. Crisanti*, 564 F.3d 181, 186 (3d Cir. 2009) (en banc). However, although plaintiff generally alleges that the officers "fabricated statements, testimony and evidence" in an effort to secure his conviction, he does not provide specific factual allegations to support those claims. Plaintiff does not clearly describe what each officer said or did to violate his rights, or describe the fabricated evidence in a manner that would allow the Court or the defendants to understand the factual basis for his claims. Accordingly, the Court will dismiss plaintiff's malicious prosecution claim and any due process claims as conclusory, and give plaintiff leave to file an amended complaint so he can elaborate on the events giving rise to those claims.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss plaintiff's complaint. A district court should generally provide a pro se plaintiff with leave to amend unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

---

[4] Any related claims against the City based on plaintiff's arrest and his detention prior to the imposition of legal process are also time-barred.

The Court will dismiss plaintiff's claim against ADA McCrae, ADA Chung, Judge Coleman, and the District Attorney's Office with prejudice because plaintiff cannot cure the defects in those claims.  However, the Court will give plaintiff leave to file an amended complaint in the event he can raise claims against Officer Alice, Officer Ruth, and the City of Philadelphia that are neither time-barred nor duplicate the claims raised in Civil Action 14-68, which is still pending before the Court.    An appropriate order follows.